

# THE ATTORNEY GENERAL
## OF TEXAS

Austin 11, Texas

WILL WILSON
ATTORNEY GENERAL

May 10, 1957

Hon. Zollie Steakley
Secretary of State
Capitol Station
Austin, Texas

Opinion No. WW-124

Re: W. A. Green Company - Payment
of subscription to increased
capital stock of a corpora-
tion by cancellation of an
indebtedness of corporation
to subscriber.

Dear Sir:

Your letter of March 27, 1957, requested our opinion as to whether the Secretary of State should approve and file an amendment to a charter which purports to increase the capital stock and pay for such increased stock by the cancellation of an indebtedness owed by the corporation and to issue such stock for such consideration.

You set out the specific situation of W. A. Green Company making application to increase its capital stock of $200,000.00, represented by 2,000 shares with a par value of $100.00 each, to $1,000,000.00, represented by 10,000 shares of a par value of $100.00 each. The additional 8,000 shares with a par value of $800,000.00 is to be paid for by the cancellation of long-term indebtedness in the amount of $800,000.00 owed by the corporation to the subscriber for the increased shares and that such indebtedness represents money actually loaned to the corporation and used by it in a building expansion and improvement program. It is our understanding that the subscriber who holds the long-term indebtedness of the corporation is also the owner of the present capital stock of $200,000.00 We further understand that all capital stock is of the same class.

In the absence of a statute to the contrary, the satisfaction or release of a valid debt currently due by the corporation is a lawful consideration for the issuance of stock of the corporation even when payment is required by constitution or statute to be in money. It would be an unnecessary formality for the stock to be paid for in cash and in turn the debt be immediately paid with that cash. 18 C.J.S. 682 (Corporations, Section 243), 11 Fletcher Cyclopedia of Corporations (Permanent Edition) 462, Section 5197. This is not violative of Article XII, Section 6, of our Constitution which provides:

"No corporation shall issue stock or bonds except for money paid, labor done or property actually received, and all fictitious increase of stock or indebtedness shall be void."

The rules as to the consideration for which stock may lawfully be issued apply to an increase of stock as well as to original stock. 18 C.J.S. 752 (Corporations, Section 275).

The transaction must be free from fraud of any interest of other creditors and other stockholders. The corporation would have to be solvent for the indebtedness to be worth its face value. If the indebtedness of the corporation is not currently due, it should be examined to determine if it is such an indebtedness that the prepayment of it would usually and normally entitle the debtor to a discount of its indebtedness, such as a non-interest bearing debt. In other words, the indebtedness, just as any other "property" used in payment of the subscription for capital stock, must be reasonably worth its face value, or it must be valued at its fair market value.

If your examination of the affairs of W. A. Green Company show that the corporation is solvent, that the indebtedness to be cancelled is a bona fide debt and reasonably worth its face value or valued at its fair market value, and that the transaction on its face is free from fraud of any interest of other creditors or other stockholders, then the proposed amendment should be approved and filed.

## SUMMARY

The cancellation of a valid indebtedness currently owed by a solvent corporation is a lawful consideration for the issuance of capital stock if the indebtedness is reasonably worth its face value or is valued at its fair market value and the transaction is free from fraud of any interest of other creditors or other stockholders.

APPROVED:

OPINION COMMITTEE:

H. Grady Chandler, Chairman

Elbert M. Morrow
Marietta M. Payne
Edwin P. Horner
Riley Eugene Fletcher

REVIEWED FOR THE ATTORNEY GENERAL
BY:
    Geo. P. Blackburn

Very truly yours,

WILL WILSON
Attorney General of Texas

By Lawrence Jones

    Lawrence Jones
    Assistant